## Norman v. Norman.

(Decided February 9, 1916.)

### Appeal from Pike Circuit Court.

1. Fraudulent Conveyances—Infants—Necessary Party to Action to Set Aside Conveyance of Property to.—Where a husband left his wife thirteen years before his death and thereafter lived with a son, and shortly before his death, by a conveyance in writing duly recorded, gave the son's infant child, the donor's grandson, his entire personal property, consisting of $198.00 in money, such conveyance will not be set aside at the suit of the donor's wife, without making the infant donee a party to the action, although its execution may have been procured by the fraud of the donor's son, the father of the donee.

2. Contracts—Parent and Child—Support of Parent by Child—When Compensation Not Allowed For.—In the absence of an express contract on the part of the deceased father to pay therefor, the law presumes that board, nursing and expenditures furnished to and made for him by the son were gratuitous, and the son will not be allowed compensation therefor.

J. S. CLINE for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal brings to us for review a judgment of the Pike circuit court dismissing appellant's petition and awarding appellee his costs. It was alleged in the peti-

tion that Wm. Norman, the husband of the appellant, Jane Norman, died at eighty years of age the owner of personal property of the value of $2,000.00, which his son, the appellee, F. M. Norman, fraudulently obtained from him and converted to his own use, the fraud consisting, as alleged, in his inducing the decedent, without cause, to leave his wife, the appellant, and make his home with him; and thereafter procuring him to execute to his, appellee's, infant son, a writing conveying and transferring to him his entire property, consisting wholly of personalty, without consideration. It was further alleged in the petition that appellant, as widow of the decedent, was entitled to receive out of this personal estate of the decedent and have set apart to her under the statute, in property and money, $750.00, and in addition one-half of the surplus personal estate after the payment of the debts, of which there were none; that she had received nothing from the decedent's estate, because of the conversion of the whole of it by appellee.

Appellee's answer specifically denied the allegations of the petition, except the alleged fact that the decedent had shortly before his death conveyed his estate, consisting exclusively of personal property, to his, appellee's, infant son, the decedent's grandson; but alleged that all the property the decedent owned and thus conveyed was $198.00, which the appellee after his death took possession of as trustee of his son and now holds as such for the latter's benefit. The answer further alleged that appellee supported and nursed the decedent and paid his physician's bills for two or three years before his death, for which, if the conveyance to the grandson were set aside, he (appellee) was entitled to compensation in a sum far greater than the value of the property given by the decedent to the grandson.

We are unable to see how the court could have rendered any other judgment than that appealed from. There was no evidence, other than appellant's own unsupported testimony, conducing to prove that appellee caused the decedent to leave her. It is true one other witness testified that she on one occasion heard appellee tell the decedent not to return to appellant, and threaten to take his life if he did so, but this was contradicted by the great weight of the evidence, furnished by numerous witnesses, and was to the effect that the decedent voluntarily left the appellant thirteen years before his death

because of her lack of chastity and adulterous relations with other men. The evidence further showed that during many of the thirteen years of his separation from appellant the decedent made his home with appellee; that the latter was kind to him but attempted to take no control of his property, or part in inducing him to make the conveyance of his property to his grandson; nor was there any proof of his having such ascendancy over the mind of the decedent as enabled him to dominate his will.

The writing by which the decedent conveyed his property to his grandson was drafted by and acknowledged before Jake Mount, a deputy county court clerk, whose deposition is in the record and from which it appears that he was told by appellee's wife two days before the conveyance was made that the decedent had requested her to ask him to come over and prepare the writing for him and that when it was written neither the appellee nor his wife was present; that it was intelligently dictated by the decedent and written by him as directed by the decedent; and that immediately thereafter it was acknowledged by the latter and subsequently put to record.

While the evidence tends to prove that some years before his death the decedent operated a small country store, the merchandise in which cost him $325.00, he had quit this business two or three years before his death. The evidence also shows that four or five years prior to his death he received from the Federal Government a back pension of $733.00 and at the same time obtained an increase of pension from four to twelve dollars per month. It is fairly apparent from the evidence that the back pension, as well as the proceeds of the small mercantile business, was spent or lost by his improvidence, and there is no evidence whatever tending to show that what he left to his grandson under the writing executed before his death amounted to more than $198.00, and this sum appellee claims to be holding as trustee for his son, the donee in the writing executed by the decedent shortly before his death.

The decedent's death occurred in 1903 or 1904 and this action was not brought by appellant until October 17, 1911, and no reason is apparent for the delay thus shown on the part of appellant.

Moreover, although the principal object of the action was to set aside the conveyance made by the decedent to his infant grandson, whereby appellee claims to have received in trust and now holds for the latter such property as was left by the decedent, the grandson was not made a party to the action, and the object of the action could not be attained, namely, the setting aside of the conveyance of writing to the grandson, without making him a party thereto, this being a step preliminary and necessary to appellant's obtaining her right to that portion of the property claimed by her as the widow of the decedent.

On the other hand, the court properly refused appellee compensation for the board, nursing and expenditures he claimed to have performed and made for the decedent. In the absence of an express contract on the part of the decedent to pay therefor, the law presumes that the service thus performed and expenditures made by the son for the the father were gratuitous.

Judgment affirmed.